IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 03-cv-01809-MSK-MJW

STANLEY RALPH TOLLE,

    Petitioner,

v.

JUDGE DIANNA VANDEHEY, Municipal Court, City of Longmont, and
KEN SALAZAR, Attorney General of the State of Colorado,

    Respondents.

---

**ORDER DISMISSING HABEAS PETITION (#7), WITHOUT PREJUDICE**

---

THIS MATTER comes before the Court on a Recommendation **(#34)** from the Magistrate Judge that the Petitioner's Amended Application for a Writ of Habeas Corpus ("the Petition") **(#7)** be dismissed, without prejudice. The Petitioner objects **(#36)** to the Recommendation. Having considered the Petition, the Recommendation, the Objections, and the entire Court file, the Court finds and concludes as follows.

**I. Jurisdiction**

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2254.

**II. Issue Presented**

The Court must determine whether the Petitioner is entitled to habeas relief on any of his claims.

**III. Standard of Review**

The Petitioner filed written objections to the Recommendation. Accordingly, the Court

reviews the Recommendation *de novo*.  28 U.S.C. § 636(b)(1)(C); *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996).

### IV.  Factual and Procedural Background

The Petitioner challenges his conviction from the Longmont Municipal Court of two counts of Junk Vehicle, one count of Obstructing an Officer, and one count of Obstructing a Government Function.  The Municipal Court sentenced him to 40 days in jail, but this Court stayed that sentence pending a determination on the merits of his habeas claims.  (***See #5***).

He asserts the following claims in his Petition: (1) the presiding judge failed to recuse herself in violation of Colorado Crim. P. 21(b)(2), depriving the Petitioner of an impartial judge; (2) his trial counsel was ineffective because he did not inform the Petitioner of the trial date until the night before the trial, failed to interview or subpoena witnesses, and failed to prepare the Petitioner to testify; (3) he is being punished twice in violation of the Double Jeopardy Clause because his sentence does not specify how much time is being served for each offense; (4) the trial judge failed to appoint effective counsel or allow the Petitioner to proceed *pro se*; (5) he was denied access to the courts in a civil lawsuit; (6) the prosecution failed to provide exculpatory evidence and other court-ordered discovery; and (7) the prosecutor made an improper comment to the jury.

The Magistrate Judge recommends that the Petition be dismissed, without prejudice, because several of the Petitioner's claims are unexhausted yet are not procedurally barred from additional review in the state courts.  The Magistrate Judge also recommends that the Court lift the stay of execution of the Petitioner's sentence in the underlying criminal case.

The Petitioner objects to the Recommendation.  He does not deny that several of his

claims are unexhausted. However, he contends that it would be futile to require him to seek review of his claims in the state courts. He also asks that the Court stay this case if the Court requires him to seek review of his unexhausted claims in the state courts.

### V. Analysis

A habeas petitioner is generally required to exhaust his state court remedies before seeking habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This means that a petitioner must give the state courts a fair opportunity to act on his claims before he presents them to a federal court in a habeas petition. *See id.* at 842, 844. To do so, a petitioner must invoke one complete round of the state's established appellate review process. *See id.* at 845. Claims not included in a petition for discretionary review to the state's highest court are not exhausted and, if they are time-barred under state law, they are procedurally defaulted and not subject to review on the merits. *See Gonzales v. McKune*, 279 F.3d 922, 924 (10th Cir. 2002). However, a petitioner is not required to attempt exhaustion of a claim if the state's corrective process is so deficient that it would be futile to make any effort to obtain relief. *See Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); 28 U.S.C. § 2254(b)(1)(B).

A petition containing both exhausted and unexhausted claims is known as a "mixed petition." *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Generally, a petitioner who has filed a mixed petition must either voluntarily withdraw his unexhausted claims or face dismissal of the entire petition, without prejudice. *See Ross v. County of Bernalillo,* 365 F.3d 1181, 1189 (10th Cir. 2004); *see also Harris v. Champion*, 48 F.3d 1127, 1131 (10th Cir. 1995). If his petition is dismissed, he may return to state court, exhaust all unexhausted claims, then reassert all of his exhausted claims together in a renewed habeas corpus petition. *See Moore v. Schoeman*, 288

F.3d 1231, 1236 (10th Cir. 2002). In rare cases, a district court may "stay and abey" a habeas action involving a mixed petition, but such a stay is only appropriate if the petitioner has demonstrated good cause for failing to exhaust his state court remedies prior to commencing the habeas action. *See Rhines v. Webber*, _ U.S. _, 125 S. Ct. 1528, 1534 (2005). It is an abuse of discretion to stay a habeas action if the unexhausted claims are "plainly meritless." *See id.*

Here, the Petitioner has filed a mixed petition. Several of his claims are not exhausted, and others are exhausted. Under Colorado Municipal Court Rule 235(c), the Petitioner has a mechanism for presenting his claims to the state courts. This Court will not presume that the state courts will decline to review such claims.

The Petitioner contends that he cannot pursue relief under Rule 235 because he is being blocked from filing *pro se* pleadings in the state courts and because he cannot afford an attorney to represent him. However, the record is devoid of any evidence that the Petitioner is barred from filing a *pro se* motion for post-conviction relief under Colorado Municipal Court Rule 235. Instead, the record shows that the Petitioner is barred from appearing *pro se* in civil actions only, and he may appear *pro se* in any action in which he is defending a claim against him. Therefore, this Court cannot conclude that the State of Colorado's – or the City of Longmont's – corrective process is so deficient that the Petitioner should not be required to request post-conviction relief on his claims before seeking habeas relief in this Court.

The Petitioner asks the Court to stay this action pending his exhaustion of state court remedies rather than to dismiss his claims without prejudice. However, he has not demonstrated good cause for his failure to exhaust state court remedies as to all claims prior to pursuing habeas relief from this Court. Indeed, he apparently has made no attempt to seek post-conviction relief in

the 17 months since the Magistrate Judge issued the Recommendation to dismiss his claims. Therefore, the Court will dismiss the Petitioner's claims, without prejudice.

**IT IS THEREFORE ORDERED** that:

(1)   The Petitioner's Objections **(#36)** to the Recommendation **(#34)** are **OVERRULED**.

(2)   The Recommendation **(#34)** is **ADOPTED** to the extent set forth in this Order.

(3)   All claims in the Petition **(#7)** are **DISMISSED**, without prejudice. The Order staying the Petitioner's sentence in the underlying criminal action is **VACATED**.

(4)   The Clerk of Court is directed to close this case.

Dated this 11th day of October, 2005.

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge