IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 03-cv-01809-MSK-MJW

STANLEY RALPH TOLLE,

    Petitioner,

v.

JUDGE DIANNA VANDEHEY, Municipal Court, City of Longmont, and
KEN SALAZAR, Attorney General of the State of Colorado,

    Respondents.

---

**ORDER DENYING MOTION TO STAY (#40), AND
GRANTING MOTION FOR CLARIFICATION (#41)**

---

THIS MATTER comes before the Court on the Petitioner's Motion for Stay of Judgment/Order Pending Appeal **(#40)**, to which the Respondents did not respond. Also pending is the Petitioner's Emergency Request for Order Enforcing/Clarification Fedural [sic] Stay **(#41)**. Having considered both motions, the Court

**FINDS** and **CONCLUDES** that:

On October 11, 2005, the Court issued an Order **(#39)** dismissing the Petitioner's habeas claims, without prejudice, because the Petition contained both exhausted and unexhausted claims. In such Order, the Court vacated the stay of the Petitioner's state court sentence.

Pursuant to Fed. R. App. P. 8(a)(1)(A), the Petitioner now moves to stay the Court's Order pending appeal. His motion contains no argument.

Rule 8(a)(1)(A) does not specify any factors which must be argued in support of a stay


pending appeal. However, Tenth Circuit Rule 8.1 specifies the contents of a motion under Rule 8(a) by requiring "an applicant to address the following four factors: (1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest." *See Spain v. Podrebarac*, 68 F.3d 1246, 1247 (10th Cir. 1995); Tenth Circuit Rule 8.1.[1] The Petitioner's motion addresses none of these factors. Therefore, it is denied.

In his "Emergency Request for Order Enforcing/Clarification Fedural Stay," the Petitioner states his belief that the Court's Order dismissing his habeas claims was automatically stayed under Fed. R. Civ. P. 62(a) and tolled by his motion to stay under Fed. R. Civ. P. 62(c). He seeks clarification from the Court as to whether this belief is correct.

The Court grants the Petitioner's request for clarification. To the extent that Rule 62(a) applies, it only would have stayed the Court's Order **(#39)** for 10 business days until October 25, 2005. Because the Court did not grant, dissolve, or deny an injunction, Rule 62(c) has no application to this case.

---

[1] This rule states:
> No application for a stay or an injunction pending appeal will be considered unless the applicant addresses all of the following:
> (A) the basis for the district court's or agency's subject matter jurisdiction and the basis for the court of appeals' jurisdiction, including citation to statutes and a statement of facts establishing jurisdiction;
> (B) the likelihood of success on appeal;
> (C) the threat of irreparable harm if the stay or injunction is not granted;
> (D) the absence of harm to opposing parties if the stay or injunction is granted; and
> (E) any risk of harm to the public interest.

**IT IS THEREFORE ORDERED** that:

(1) The Petitioner's Motion for Stay of Judgment/Order Pending Appeal **(#40)** is **DENIED**.

(2) The Petitioner's "Emergency Request for Order Enforcing/Clarification Fedural Stay" **(#41)** is **GRANTED** to the extent it seeks clarification from the Court regarding the application of Fed. R. Civ. P. 62. In all other respects, the motion is **DENIED**.

Dated this 22nd day of November, 2005

        **BY THE COURT:**

        *Marcia S. Krieger*

        Marcia S. Krieger
        United States District Judge